JOHN M. SYMMES, APPELLANT, v. LEDYARD AVERY, RESPONDENT.

Submitted December 21, 1922—Decided February 20, 1923.

A judgment in the Municipal Court of New York, docketed in the county clerk's office and by force of the statute of that state made the equivalent of a judgment of the Supreme Court of New York, is the judgment of a court of record of a sister state, within the provisions of the federal constitution, and is not barred by the six years' statute of limitation. *Summerside Bank* v. *Ramsey*, 55 *N. J. L.* 383, distinguished.

On appeal from the District Court.

Before Justices PARKER, BERGEN and MINTURN.

For the appellant, *Harry R. Cooper.*

For the respondent, *Richard W. Stout.*

The opinion of the court was delivered by

PARKER, J. The suit was based upon a judgment recovered October 16th, 1910, in the Municipal Court of New York, borough of Manhattan, and on November 7th, 1910, docketed in the clerk's office of the county of New York. The statute of New York, proved in the case, prescribes that on such docketing the judgment shall be deemed a judgment of the Supreme Court and may be enforced accordingly.

The District Court, in the present suit, held that the judgment in question, being more than six years old, was barred by the statute of limitations, relying on the decision of this court in *Summerside Bank* v. *Ramsey*, 55 *N. J. L.* 383, where it was held that a "foreign" judgment was subject to our statute of limitations as a simple contract debt. The court below overlooked the fact, however, that in the Summerside Bank case the original judgment had been recovered in Prince Edward Island and was accurately classed by. Chief Justice

Beasley as a "foreign" judgment in distinction, as he then pointed out, to judgments of a sister state, which by force of the constitution have the status of records in every other state when properly exemplified and proved. As long ago as 1832, in *Gulick* v. *Loder,* 13 *N. J. L.* 68, it was specifically held that a judgment of a sister state was not a "foreign" judgment, and in the absence of some special statute of limitation relating thereto, could be enforced here at any time within twenty years, after which a presumption of payment would arise. The same ruling was reiterated in 1900 by Mr. Justice Fort, sitting alone, in *Little* v. *McVey,* 47 *Atl. Rep.* 61, not officially reported. The judgment in question is clearly within the reasoning and ruling of those cases and it was therefore error in the District Court to hold such judgment to be barred by the lapse of six years. The judgment of the District Court is reversed and the cause remanded for further proceedings in conformity with the views above expressed.